UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN NALEWAJK,

|  |  |
|---|---|
|  | Civil Action No.: |
| Plaintiff, | 1:14-cv-08199-JMF-SN |

-against-

METROPOLITAN LIFE INSURANCE COMPANY,          **CERTIFICATE OF SERVICE**

                                          Defendant.
---------------------------------------------------------------X

    I, Ryan C. Chapoteau, hereby certify and affirm that, in compliance with the Court's Order, a true and correct copy of the attached **COURT ORDERS DATED NOVEMBER 20, 2015** was served both electronically and through regular mail on this 23rd day of November, 2015 upon the following:

John Nalewajk
10 Fingerboard Road
Staten Island, New York 10305
johnnalewajk1969@gmail.com

       s/_____
       RYAN C. CHAPOTEAU

Dated:   New York, New York
         November 23, 2015

## Chapoteau, Ryan

| | |
|---|---|
| **From:** | Chapoteau, Ryan |
| **Sent:** | Monday, November 23, 2015 11:57 AM |
| **To:** | 'johnnalewajk1969@gmail.com' |
| **Cc:** | Bernstein, Michael |
| **Subject:** | Nalewajk v. MetLife |
| **Attachments:** | Activity in Case 1:14-cv-08199-JMF Nalewajk v. Metropiltan Life Insurance Company Order on Motion for Conference; Activity in Case 1:14-cv-08199-JMF Nalewajk v. Metropiltan Life Insurance Company Order on Motion for Conference; show_temp.pdf; show_temp (1).pdf |

Mr. Nalewajk,
Attached please find the Court's orders in connection with the letter motion dated November 19, 2015.  I attached a copy of the letter motion for your reference, which was sent to you last week, but omitted the exhibits due to their size.  Thank you.
Best,
Ryan

**Chapoteau, Ryan**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Friday, November 20, 2015 9:12 AM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:14-cv-08199-JMF Nalewajk v. Metropiltan Life Insurance Company Order on Motion for Conference |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 11/20/2015 at 9:12 AM EST and filed on 11/20/2015
**Case Name:**     Nalewajk v. Metropiltan Life Insurance Company
**Case Number:**   1:14-cv-08199-JMF
**Filer:**
**WARNING: CASE CLOSED on 12/22/2014**
**Document Number:** 12(No document attached)

**Docket Text:**
**ORDER with respect to [10] Letter Motion for Conference. Plaintiff shall file any response to Defendant's letter by November 24, 2015. (HEREBY ORDERED by Judge Jesse M. Furman)(Text Only Order) (Furman, Jesse)**

**1:14-cv-08199-JMF Notice has been electronically mailed to:**

Michael H Bernstein michael.bernstein@sdma.com, NY-clerk@sedgwicklaw.com, kristen.gutierrez@sedgwicklaw.com

Ryan Christopher Chapoteau ryan.chapoteau@sedgwicklaw.com

**1:14-cv-08199-JMF Notice has been delivered by other means to:**

**Chapoteau, Ryan**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Friday, November 20, 2015 4:00 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:14-cv-08199-JMF Nalewajk v. Metropiltan Life Insurance Company Order on Motion for Conference |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND to this e-mail** because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 11/20/2015 at 4:00 PM EST and filed on 11/20/2015
**Case Name:**      Nalewajk v. Metropiltan Life Insurance Company
**Case Number:**      1:14-cv-08199-JMF
**Filer:**
**WARNING: CASE CLOSED on 12/22/2014**
**Document Number:** 13(No document attached)

**Docket Text:**
ORDER with respect to [10] Letter Motion for Conference. Upon reflection, in view of the fact that Plaintiff is now unrepresented, he is granted an extension to December 11, 2015, to file his letter in response to Defendant's letter, which he must send to the Pro Se Office of the Court. Further, Defendant shall advise Plaintiff, both electronically and through regular mail, about the Court's Orders of today and shall file proof of such service no later than November 24, 2015. (HEREBY ORDERED by Judge Jesse M. Furman)(Text Only Order) (Furman, Jesse)

**1:14-cv-08199-JMF Notice has been electronically mailed to:**

Michael H Bernstein michael.bernstein@sdma.com, NY-clerk@sedgwicklaw.com, kristen.gutierrez@sedgwicklaw.com

Ryan Christopher Chapoteau ryan.chapoteau@sedgwicklaw.com

1

**1:14-cv-08199-JMF Notice has been delivered by other means to:**

ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-1008

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP.

*Michael H. Bernstein*
*212.898.4011*
*michael.bernstein@sedgwicklaw.com*

November 19, 2015

*Via ECF*

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: *Nalewajk v. Metropolitan Life Insurance Company*
    Civil Action No.: 1:14-cv-08199-JMF-SN
    File No. 00584-007767

Dear Judge Furman:

This office represents Defendant Metropolitan Life Insurance Company ("MetLife") in the above-captioned matter. We write to request a conference to discuss dismissal of this lawsuit with prejudice. On December 12, 2014, Your Honor entered a conditional order of dismissal without prejudice because the parties agreed to a settlement in principal and were finalizing the terms of a written settlement agreement. (Doc. No. 9). The order provided the parties sixty (60) days to reopen the action if the settlement was not consummated. (*See id.*). MetLife has attempted every effort to finalize a settlement agreement to no avail and the deadline to reopen the action has lapsed. Accordingly, this matter should be dismissed with prejudice.

This action arose from Plaintiff John Nalewajk's ("Nalewajk") objection to MetLife recouping overpaid long term disability ("LTD") benefits by withholding his monthly LTD benefit payments. Nalewajk claimed entitlement to these benefits under an employee welfare benefit plan (the "Plan") that is administered by MetLife. MetLife's overpayment of Plan LTD benefits occurred when Nalewajk received a retroactive award of Social Security Disability Income ("SSDI") benefits. The retroactive award covered several months of time where Nalewajk also received Plan benefits. According to unambiguous Plan terms, SSDI benefits constitute "other income," and are an offset from Plan benefits. Once MetLife learned about Nalewajk's SSDI benefits, it calculated the amount Nalewajk had been overpaid and notified Nalewajk of the overpayment. MetLife informed Nalewajk that he could eliminate the overpayment by sending a check for the entire amount, or if not, MetLife would withhold future monthly benefits and apply the benefit amount toward the overpayment balance. In his complaint, Nalewajk alleged that MetLife wrongfully withheld the monthly benefit payments to recoup the overpayment.

Hon. Jesse M. Furman
Re:  Nalewajk v. Metropolitan Life Insurance Company
November 19, 2015
Page 2

The parties agreed in principal on December 10, 2015 that MetLife would reduce the amount of the monthly benefit it withheld until the overpayment is fully satisfied.  Before the parties could finalize the agreement, however, Nalewajk requestedadditional information regarding MetLife's overpayment calculations.[1]  MetLife subsequently furnished this information to his counsel.  When MetLife did not receive a response from Nalewajk's counsel, it provided a draft settlement agreement and release (the "Agreement") on February 26, 2015 for Nalewajk's review.  (Exhibit "A").  MetLife was informed that day that the Agreement was satisfactory, but that Nalewajk refused to sign it until he received a specific breakdown of the overpayment amounts and balance due.  (Exhibit "B").  Although MetLife had already provided this information, it requested a telephone conference to understand the specific documentation it could provide in an attempt to resolve this matter.  (Exhibit "C").  Pursuant to Nalewajk's demands as expressed during this call, MetLife provided an overpayment reimbursement schedule and again requested that he execute the Agreement.  (Exhibit "D").  Nalewajk still had additional questions regarding the overpayment balance, which were expressed to MetLife through a non-party relative on June 4, 2015.  (Exhibit "E").  MetLife again addressed these concerns and requested Nalewajk sign the settlement agreement on June 12, 2015.  (Exhibit "F").

Despite numerous follow up phone calls and e-mails to Nalewajk's counsel, MetLife never received a signed Agreement.  (Exhibits "G" through "K").  On August 13, 2015, Nalewajk's counsel advised MetLife that he was discharged as counsel as of that date and that Nalewajk would be representing himself.  (Exhibits "L" and "M").  Accordingly, MetLife contacted Nalewajk directly to request that he sign the Agreement.  (Exhibit "N").  Nalewajk noted that he would review the Agreement on August 24, 2015.  (Exhibit "O").  On August 31, 2015, MetLife again requested Nalewajk to sign the Agreement.  (Exhibit "P").  By letter dated September 30, 2015 to Nalewajk, MetLife enclosed a copy of the settlement agreement as well as its responses to his previously-requested information regarding his overpayment amount in hopes that he would review this information again and sign the agreement.  (Exhibit "Q").  Nalewajk has not responded to MetLife's requests since August 24, 2015.  Consequently, the parties have not been able to finalize the Agreement.

A conditional order does not constitute a final judgment in a case.  *See Otis v. City of Chicago*, 29 F.3d 1159, 1170-1171 (7th Cir. 1994) (Cudahy, J., concurring).  Nevertheless, upon a Court entering a conditional order of dismissal, a plaintiff surrenders any remaining viable claims if he or she fails to continue to negotiate a finalized settlement or revive the lawsuit.  *See, e.g. Valentine v. Metropolitan Life Ins. Co.*, No. 85 Civ. 3006(CSH), 2005 WL 1278524 at *4 (S.D.N.Y. May 31, 2005).  If a plaintiff makes no attempt to re-open the litigation within the period set within the conditional order of dismissal, "the order ripens into a final, appealable order upon the expiration of the fixed time period."  *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001).

The parties agreed to a settlement in principal, resulting in this Court entering a conditional order on December 12, 2014, which provided the parties a sixty (60) day window to finalize a written release or request the Court to reopen the matter.  After a lack of response from Nalewajk during this period, MetLife

---

[1] Due to the confidential nature of the parties' settlement negotiations, the settlement agreement as well as certain communications and e-mail attachments have been withheld as exhibits from this letter motion or redacted.  Upon Your Honor's request, MetLife is willing to furnish a full and complete set of settlement communications between the parties for an *in camera* review.

Hon. Jesse M. Furman
Re:  Nalewajk v. Metropolitan Life Insurance Company
November 19, 2015
Page 3

attempted to resolve this matter by working in good faith to provide Nalewajk with the information and calculations he requested, and continually forwarding the Agreement and requesting that it be executed.  To date, the parties do not have an executed Agreement despite MetLife's numerous attempts to engage Nalewajk.  MetLife responded each time he demanded additional information, assuming it would lead to a resolution of this matter and a signed settlement agreement.  However, Nalewajk continually failed to respond to MetLife's request that he sign the Agreement.  Nalewajk has abandoned the settlement negotiations and surrendered his right to prosecute the claims alleged in the lawsuit by failing to communicate with MetLife.

Accordingly, MetLife seeks a conference with Your Honor to discuss the foregoing with the intention that the Court issue an order of dismissal with prejudice because the time limit set in the conditional order has lapsed.  Thank you very much for your consideration.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

MHB/rcc1
Encls.

cc:     John Nalewajk
        Max Leifer, Esq.

82275524v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN NALEWAJK,

                                Plaintiff,

          -against-

METROPOLITAN LIFE INSURANCE COMPANY,

                            Defendant.

-------------------------------------------------------------------X

Civil Action No.:
1:14-cv-08199-JMF-SN

**CERTIFICATE OF SERVICE**

      I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached

**LETTER DATED NOVEMBER 19, 2015** was served via ECF and Federal Express on this 19th day of

November, 2015 upon the following:

John Nalewajk
10 Fingerboard Road
Staten Island, New York 10305


Max D. Leifer, Esq.
MAX D. LEIFER, P.C.
214 Sullivan Street, Suite 3C
New York, New York 10012


                s/_____
                MICHAEL H. BERNSTEIN


Dated:     New York, New York
           November 19, 2015

82493751v1